IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02506-WDM-CBS

HSBC BANK USA NATIONAL ASSOCIATION AS TRUSTEE,

    Plaintiff,

v.

VICKI R. CROWE and any and all occupants claiming an interest under defendant(s) [sic],

    Defendant.

---

## ORDER REGARDING REMOVAL

---

Miller, J.

This case is before me on the Notice of Removal filed by Defendant Vicki R. Crowe. The Notice, filed December 3, 2007, asserts that removal is timely and that this court has jurisdiction based on federal question jurisdiction, 28 U.S.C. § 1331, because it involves issues arising under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692. Defendant also asserts that this court has jurisdiction because there is complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Defendant's Notice does not comply with 28 U.S.C. § 1446, which requires that the notice be filed along with copies of all pleadings and orders in the pending action. No state court records are included with the Notice and I therefore cannot determine whether I have jurisdiction to hear this matter.

In a removed case, a defendant's claim that the amount in controversy meets the

jurisdictional requirement of section 1332 does not enjoy a presumption of accuracy. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001). The amount in controversy is determined by the allegations of the complaint or, if the complaint is not dispositive, by the allegations in the notice of removal. *Id.* at 1290. When the plaintiff's damages are unknown, as they are here, the defendant must establish the jurisdictional amount by a preponderance of the evidence; the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Id.* (citations omitted; emphasis in the original). There is a presumption against removal jurisdiction and, therefore, all doubts are resolved in favor of remand. *See, e.g., Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001); *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

Defendant's mere assertion that the amount in controversy exceeds $75,000 is insufficient to establish that diversity jurisdiction exists. Moreover, Defendant's assertion that the case involves a federal question of law is not substantiated, as there are no pleadings from which I can determine the claims and defenses as issue.

Accordingly, it is ordered:

1. Defendant shall file with this court a complete record of the proceedings in the state court (both county and district court) on or before December 14, 2007.

2

2.  If the record is not received on or before that date, this case will be remanded the District Court of Arapahoe County, Colorado, without further notice.

    DATED at Denver, Colorado, on December 6, 2007.

    BY THE COURT:

    s/ Walker D. Miller
    United States District Judge