IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02506-WDM-CBS

HSBC BANK USA,

    Plaintiff,

v.

VICKI R. CROWE,
ANY AND ALL OCCUPANTS CLAIMING INTEREST UNDER DEFENDANT(S),

    Defendants.

## ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

Miller, J.

    This case is before me on the Amended Motion to Alter or Amend Pursuant to Rule 59(e) (doc no 11) filed by Defendant Vicki R. Crowe. I remanded this case to the District Court, Arapahoe County, Colorado on December 20, 2007. I concluded that Defendant had failed to meet her burden of establishing by a preponderance of the evidence that the amount in controversy was sufficient to confer jurisdiction in this Court based on diversity or that this case involved a question of federal law. Defendant asks that I alter or amend my remand order. As grounds, she asserts that this case is not a "simple eviction" as I noted in my remand order, but rather concerns the adjudication of title to property. Defendant further argues that the amount at issue is the amount of the promissory note reflected in the deed of trust filed against the subject property, which exceeds $75,000. She also refers me to a decision in another Colorado state court case in which the court recited the general principle that matters

of title must be resolved before possession. She also appears to assert that my decision was based on her age and racial background. She then argues that the *Rooker-Feldman* doctrine, to which I made reference in a footnote, is inapplicable and essentially simply asserts that she has a right to have her case heard in this court.

Defendant's arguments do not persuade me that I have jurisdiction over the matter. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party," and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction "at any stage in the litigation." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006).

Defendant apparently no longer asserts that this case implicates a question of federal law as she only challenges the portions of my order discussing diversity jurisdiction. I disagree with Defendant that the amount at issue in this case is the amount of the promissory note referenced in the deed of trust. Rather, this is an eviction proceeding against which Defendant has asserted a defense of the validity of Plaintiff's claim of title. It is not, however, an action on the note or the debt. As noted in my remand order, neither Plaintiff nor Defendant is seeking an amount sufficient to confer jurisdiction in this court. In addition, my remand order did not rely on the *Rooker-Feldman* doctrine and so Defendant's arguments in this regard are unavailing. Finally, my decision had nothing to do with Defendant's age or race, as I was unaware of either until Defendant raised these issues in her motion.

A Rule 59(e) motion to alter or amend a judgment "should be granted only 'to

correct manifest errors of law or to present newly discovered evidence.'" *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). Defendant has presented no newly discovered evidence or demonstrated a manifest error of law such that I can conclude that I have jurisdiction over this matter or that further briefing is necessary.

Accordingly, it is ordered that the motion to alter or amend (doc no 11) is denied. Defendant's Motion to Compel Ruling (doc no 15) is denied as moot.

DATED at Denver, Colorado, on January 15, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge